<u>**EXHIBIT "B"**</u>

**COMPLAINT TO TRANS UNION, LLC**

STATE OF MICHIGAN
IN THE 54B DISTRICT COURT

DANIEL ESSA,
      Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,         Case No. 16-1227-GC
an Ohio corporation,
EQUIFAX INFORMATION SERVICES, LLC,         Judge Larkin
a Georgia company,
TRANS UNION, LLC,
a Delaware limited liability company, and
NATIONSTAR MORTGAGE, LLC.
a Delaware company,
      Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiffs
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES THE PLAINTIFF, DANIEL ESSA, THROUGH COUNSEL,

MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN, and for his First

Amended Complaint against the Defendants, plead as follows:

**VENUE**

1. The transactions and occurrences which give rise to this action occurred in Okemos,

    Ingham County, Michigan.

2. Venue is proper in 54B District Court in Ingham County, Michigan as the actions and

    occurrences recited herein occurred in Okemos, in Ingham County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00)
   exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian") which is an Ohio corporation
      that maintains a registered agent in Oakland County, Michigan;

   b. Equifax Information Services, LLC ("Equifax") which is a Georgia company that
      maintains a registered agent in Ingham County, Michigan;

   c. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company
      that maintains a registered agent in Ingham County; and

   d. Nationstar Mortgage, LLC ("Nationstar") which is a Delaware company that
      maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

5. In 2011, Plaintiff and Bank of America entered into a Loan Modification Agreement
   regarding his mortgage on his home located in Charlevoix, Michigan. Per this
   Agreement, $1,222,028.04 of the new principal balance was to be deferred and Plaintiff
   was not to pay interest or make monthly payments on the $1,222,028.04 amount.

6. The modification with Bank of America was completed in February 2011. The
   modification was a permanent modification and was recorded at the county court house
   in Liber 955, Page 0554. This modification recited the following:

   a. The total loan amount, with principal and interest was $1,219,014.99;

    b.  The loan was being modified and Plaintiff was to pay principle and interest on $1,096,986.95;

    c.  There was to be a deferred principle balance of $122,028.04 and there was to be no monthly payments nor was there any interest to be charged on the deferred principle;

    d.  This amount was to be paid when Plaintiff's loan matured January 2037.

7.  In 2014, Plaintiff entered into a new loan modification with Nationstar. Per this agreement, his modified monthly payments were to be $8,613.85, which was an estimate. Plaintiff was never late in making his modified payments to Nationstar and complied with all the terms of this new loan modification agreement.

8.  When Nationstar did a temporary modification, it charged interest on the $122,028.04 as well as the rest of the principle and interest of the other loan. When this modification ended, the terms of Plaintiff's mortgage were to revert back to the terms of the Bank of America note.

9.  However, when the modification ended, Nationstar rolled the deferred note of $122,028.04 into the other note and began demanding that interest be paid on this note as well as the monthly mortgage payments.

10. On or about March 24, 2016, Plaintiff received an Annual Escrow Disclosure Statement from Nationstar which stated that his new monthly payment was $8,703.35.

11. Sometime in April 2016, Defendant Nationstar starting charging Plaintiff $10,842.10 for his monthly payments on the home. This was contrary to the payment terms set out in the 2014 loan modification agreement with Nationstar. Plaintiff never breached the terms of that loan modification agreement with Nationstar, so Nationstar never had a right to raise his monthly payments.

12. On or about April 16, 2016, Mr. Essa sent a letter to Nationstar disputing the new monthly payment amount of $10,842.10.

13. On or about May 3, 2016, Plaintiff received a letter from Nationstar. This letter stated, "The loan modification that you were approved for in 2014 with Nationstar Mortgage trumps the loan modification you were approved for in 2011. Based on your 2014 loan modification agreement, your terms expired as of April 1, 2016 and reverted back to the Original Note." With this letter, Nationstar attached a copy of the Note which stated that Plaintiff owed monthly payments of $7,541.39 on their mortgage.

14. On or about August 27, 2016, Mr. Essa received an alert from his credit monitoring service which stated that he was 30 days past due on the Nationstar trade line with account number 617249XXXX ("Errant Trade Line"). He then submitted a dispute letter to the credit bureaus online.

15. On or about September 19, 2016, Mr. Essa received Experian's investigation results which showed that Nationstar was reporting its Errant Trade Line with late payments and an erroneous monthly payment amount of $10,793.00.

16. On or about September 21, 2016, Plaintiff submitted letters to Experian, Equifax and Trans Union ("CRAs") disputing the Errant Trade Line. In these dispute letters, Plaintiff disputed the late payment in July 2016 and the monthly payment of $10,793.00. Plaintiff attached a transaction history from Nationstar showing he were not late in making his payment in July 2016. Plaintiff stated that there was a loan modification and per the terms of it, Plaintiff was to pay an estimated monthly payment of $8,613.85 until the principal and interest were paid in full. Plaintiff also stated that he received an escrow analysis from Nationstar which stated that his monthly payment would be $8,703.35. Plaintiff

4

attached a copy of the Loan Modification from 2014 and the Annual Escrow Account Disclosure Statement from Nationstar confirming the same. Plaintiff requested that Nationstar remove the monthly payment of $10,793.00 and replace it with $8,703.35. He also requested that the late payment in July 2016 be removed from his credit files.

17. Upon information and belief, the CRAs forwarded Plaintiff's consumer disputes to Nationstar.

18. On or about October 4, 2016, Mr. Essa received correspondence from Experian which stated that it was contacting the furnisher.

19. On or about October 20, 2016, Mr. Essa received Experian's investigation results which showed that Nationstar retained the erroneous monthly payment of $10,793.00. It also retained the late payment from July 2016 and reported a late payment in August 2016.

20. On or about October 22, 2016, Mr. Essa received Equifax's investigation results which showed that Nationstar retained the erroneous monthly payment of $10,793.00. It also retained the late payment remark from July 2016.

21. On or about October 25, 2016, Mr. Essa received Trans Union's investigation results which showed that Nationstar retained the erroneous $10,793.00 monthly payment. It also retained the late payment in July 2016 and reported a late payment in August 2016.

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1681 *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit files, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in this credit files or

5

improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONSTAR

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by the CRAs of Plaintiff's consumer dispute to the Errant Trade Line, Nationstar negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

25. Nationstar negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to correct the erroneous monthly payment and remove the late payment in July 2016 from Plaintiff's credit files.

26. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with the CRAs to which it is reporting such trade line.

27. As a direct and proximate cause of Nationstar's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. Nationstar is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiff has a private right of action to assert claims against Nationstar arising under 15 USC 1681s-2(b).

6

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Nationstar for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONSTAR

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by the CRAs that the Plaintiff disputed the accuracy of the information it was providing, Nationstar willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

32. Nationstar willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of Nationstar's willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34. Nationstar is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Nationstar for the greater of statutory or actual damages, plus punitive damages, along with

costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Essa as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Essa that was false, misleading and inaccurate.

38. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Essa, in violation of 15 USC 1681e(b).

39. After receiving Mr. Essa's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Essa has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

41. Experian is liable to Mr. Essa by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

8

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Essa as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Essa that was false, misleading and inaccurate.

45. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Essa, in violation of 15 USC 1681e(b).

46. After receiving Mr. Essa's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Essa has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

9

48. Experian is liable to Mr. Essa by reason of its violations of the FCRA in an amount to be
determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15
USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against
Defendant Experian for the greater of statutory or actual damages, plus punitive damages along
with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand
dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EQUIFAX

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and
otherwise reproduced consumer reports regarding Mr. Essa as that term is defined in 15
USC 1681a.

51. Such reports contained information about Mr. Essa that was false, misleading and
inaccurate.

52. Equifax negligently failed to maintain and/or follow reasonable procedures to assure
maximum possible accuracy of the information it reported to one or more third parties
pertaining to Mr. Essa, in violation of 15 USC 1681e(b).

53. After receiving Mr. Essa's consumer dispute to the Errant Trade Line, Equifax
negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

10

54. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Essa has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

55. Equifax is liable to Mr. Essa by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Essa as that term is defined in 15 USC 1681a.

58. Such reports contained information about Mr. Essa that was false, misleading and inaccurate.

59. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Essa, in violation of 15 USC 1681e(b).

11

48. Experian is liable to Mr. Essa by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Essa as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Essa that was false, misleading and inaccurate.

52. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Essa, in violation of 15 USC 1681e(b).

53. After receiving Mr. Essa's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 USC 1681i.

10

60. After receiving Mr. Essa's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Essa has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

62. Equifax is liable to Mr. Essa by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANS UNION

63. Plaintiffs reallege the above paragraphs as if recited verbatim.

64. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

65. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

12

66. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

67. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

69. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

72. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

73. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

74. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

75. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

76. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

14

Respectfully submitted,

December 19, 2016

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

RECEIVED
2016 DEC 22 A 10 30
STATE OF MICHIGAN
41-B DISTRICT COURT

15